**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| RONALD LAMPARSKI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-258-RL-JEM |
| | ) | |
| GFS II, LLC d/b/a GATEWAY | ) | |
| FINANCIAL SOLUTIONS, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court due to the failure of Plaintiff Ronald Lamparski, who is proceeding *pro se*, to appear at the Show Cause Hearing of June 26, 2018, at 11:00 a.m., and the Status Conference of May 25, 2018.

On May 21, 2018, in a hearing attended by Plaintiff Lamparski telephonically, the Court set this matter for a status conference on May 25, 2018. At the hearing, the Court warned Plaintiff Lamparski of the need to participate in all hearings, and that failure to attend the May 25, 2018, hearing could result in sanctions. Plaintiff failed to appear without explanation, so the Court set the matter for a hearing to inquire into Plaintiff's failure to appear, to be held on June 26, 2018, again warning Plaintiff that his failure to appear could result in sanctions, including dismissal of the case. Plaintiff did not appear at the show cause hearing set for June 26, 2018, without explanation. The docket reflects that a copy of the order was sent to Plaintiff at the address he provided to the Court.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear

1

record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted).  In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of Plaintiff, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Plaintiff has failed to appear at the last two hearings set by the Court, failed to participate in discovery with Defendants, and failed to comply with a Court order compelling discovery. The Court also finds that proper warning has been given to Plaintiffs. *See Gabriel*, 514 F.3d 736; *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . .  But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993).  In this case, Plaintiff received "due warning" in a formal Show Cause Order sent via certified mail and by the Court in the telephonic hearing of May 21, 2018, and the Court finds that dismissal is warranted by Plaintiffs' failure to comply with the Show Cause Order of May 30, 2018.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS this case**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court.  The

failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 29th day of June, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    Judge Rudy Lozano
       All counsel of record
       Plaintiff Ronald Lamparski, *pro se*, first class and certified mail, return receipt requested

3