# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| RONALD LAMPARSKI, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 2:17-CV-258- TLS |
| GFS II, LLC d/b/a GATEWAY FINANCIAL SOLUTIONS, | ) |
| Defendant. | ) |

## ORDER

On May 25, 2018, the Plaintiff Ronald Lamparski failed to appear at a status conference before Magistrate Judge John E. Martin [ECF No. 46]. On May 30, 2018, the Magistrate Judge issued an order to show cause why the Plaintiff should not be held in contempt of Court and sanctioned for his failure to appear as ordered [ECF No. 47]. On June 18, 2018, the Defendant filed a Motion to Dismiss for Lack of Prosecution [ECF No. 48]. On June 26, 2018, the Plaintiff failed to appear at a show cause hearing before the Magistrate Judge [ECF No. 49]. On June 29, 2018, the Magistrate Judge issued a Report and Recommendation [ECF No. 50], recommending that the Court dismiss this case.

Pursuant to the Federal Magistrate's Act, Title 28 U.S.C. § 636(b)(1)(A)–(C), the Magistrate Judge does not have authority to issue a final order on the pending Motion. Instead, the Magistrate Judge submits proposed findings of fact and recommendations to a district court. *See United States v. Sabo*, No. 1:10-CR-21, 2010 WL 4628242, at *1 (N.D. Ind. Nov. 8, 2010). If a party files a timely objection to the Magistrate Judge's report and recommendation, § 636(b)(1) provides that a district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The court may accept, reject, and/or modify, in whole or in part, the findings or recommendations

made by the Magistrate Judge. The judge also may receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The time for filing objections to the Report and Recommendation has passed, and no objections have been filed. Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Report and Recommendation sets forth the following facts. On May 21, 2018, in a hearing attended by the Plaintiff telephonically, the Magistrate Court set this matter for a status conference on May 25, 2018. At the hearing, the Court warned the Plaintiff of the need to participate in all hearings, and that failure to attend the May 25, 2018, hearing could result in sanctions. The Plaintiff failed to appear without explanation. On May 30, 2018, the Court set the matter for a show cause hearing to inquire into the Plaintiff's failure to appear, to be held on June 26, 2018, again warning the Plaintiff that his failure to appear could result in sanctions, including dismissal of the case. The Plaintiff did not appear at the show cause hearing set for June 26, 2018, without explanation. On June 29, 2018, the Magistrate Judge issued the instant Report and Recommendation recommending dismissal of the case. The docket reflects that copies of the Magistrate Judge's orders were sent to the Plaintiff at the address he provided to the Court.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order. . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (citations and quotation marks omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Id*.

The Magistrate Judge found that, given the conduct of the Plaintiff, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. The Plaintiff failed to appear at the last two hearings set by the Magistrate Judge, failed to participate in discovery with the Defendant, and failed to comply with a court order compelling discovery. The Magistrate Judge also found that Plaintiff received proper warning in a formal Show Cause Order sent via certified mail and by the Court in the telephonic hearing of May 21, 2018. The Magistrate Judge recommends dismissal based on Plaintiff's failure to comply with the Show Cause Order of May 30, 2018. The Report and Recommendation explains that the failure to file a timely objection to its contents will result in the waiver of the right to challenge it before this Court or the Court of Appeals.

Neither party has objected to the findings of fact in the Report and Recommendation. Accordingly, the Court adopts the Magistrate Judge's findings of fact. Finding no clear error, the Court also adopts, in full, the Magistrate Judge's analysis of the applicable law, and the conclusion that dismissal is warranted based on Plaintiff's failure to comply with the Show Cause Order of May 30, 2018. Therefore, the Court adopts the Report and Recommendation to dismiss this case.

Defendant's Motion seeks dismissal of this case with prejudice. The sanction of dismissal with prejudice is appropriate for plaintiffs "who fail to attend multiple hearings and have been warned of the possibility of dismissal." *Dupree v. Hardy,* 859 F.3d 458, 463 (7th Cir. 2017) (quoting *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012) (affirming dismissal with prejudice for failure to prosecute where pro se plaintiff had been warned of this consequence after missing his most recent court date)); *see Fischer v. Cingular Wireless, LLC,* 446 F.3d 663, 666 (7th Cir. 2006) (same). The Plaintiff, proceeding pro se, was given adequate time and

opportunity to retain new counsel and failed to do so. He was given time and opportunity to represent himself, and did so with his contacts with the Court for a time. He then failed to appear at multiple hearings, despite being warned that failing to appear could result in dismissal of the case. He has not provided the Court with his most current residence address for maintaining contact with the Court for notice purposes and hearings. Given these circumstances, it seems clear that the Plaintiff has abandoned this case. Therefore, the Court grants Defendant's Motion and dismisses this case with prejudice pursuant to Rule 41(b).

## CONCLUSION

As detailed above, the Court hereby ADOPTS the Report and Recommendation [ECF No. 50], and GRANTS the Defendant's Motion to Dismiss [ECF No. 48]. This matter is DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to close this case.

SO ORDERED on August 20, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION